Rattle, J.
 

 "We are unable to discover any error in the bill of exceptions, of which the plaintiff has a right to complain. Supposing that the message, which the defendant sent, by his son to the blacksmith, as to manner in which he wished shoes should be put on his horse, was admissible, it could only prove an unsoundness and the
 
 scienter
 
 of the defendant, and that the Judge assumed to be true in his charge to the jury. The case then, turned upon the enquiry, whether the defect was so patent that the rule of
 
 caveat emptor'
 
 applied. Ilis Honor stated, that if the jury should find that the defect Avas a mere loss of the elastic substance or frogs at the bottom of the horse’s feet, it was a patent one, and the defendant was not liable, unless he said or did something to prevent the plaintiff from making an enquiry or inspection. This construction was, we think, in- accordance with the well-settled law on the subject. The plaintiff was injured, if at all, not by the deceit of the defendant, but by his own neglect in not discovering what the slightest inspection would have disclosed to him;
 
 Duckworth
 
 v.
 
 Walker,
 
 1 Jones’ Rep. 507.
 

 Pee CueiaM, The judgment must be affirmed.